UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Jean Mondesir,

                Plaintiff,

   -against-

The City Of New York, and New
York City Police Officers John Does #1-6,
(each in their individual capacities.)

                Defendants.

Demand for Jury Trial
------------------------------------------------------------X

**CV 12-3012**

**COMPLAINT**

J. ORENSTEIN, M.J.

MATSUMOTO, J.

SUMMONS ISSUED

      Plaintiff, Jean Mondesir, by and through his attorneys LeBow & Associates, PLLC, complains of the Defendants, and each of them, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Jean Mondesir brings this action under 42 USC §§1983 and 1988 to redress Defendants' repeated violations of Plaintiff's 4th and 14th Amendment rights through obtaining compensatory and punitive damages in an amount to be determined by a jury upon the trial of this matter. Defendants, except for the City of New York, are all New York City Police Department ("NYPD") police officers and detectives, and all times herein, were acting under the color of state law.

2. Specifically, on or about November 22, 2011, Defendants John Doe #1-3, acting without provocation, probable cause or reasonable suspicion to believe that Plaintiff was engaged in criminal activity or possessed a weapon or other contraband, unlawfully seized, detained, and searched plaintiff's person. Defendant Does #1-3 after not finding Plaintiff to be in possession of a weapon or contraband, acted to bring false charges against plaintiff by "flaking" him with a

quantity of marijuana Defendants' claimed to have found upon Plaintiff's person. Thereafter, Defendants Doe # 1-3 handcuffed Plaintiff and transported him to the 30th Precinct.

3. After arriving at the 30th precinct, Plaintiff was placed in a holding cell, and under the custody and control of Defendant police officers, John Does # 4-6. Thereafter, while Plaintiff continued to be in him custody, Defendant police officer John Doe #4 begins to verbally abuse and insult Plaintiff. Defendant John Doe # 4's continuing verbal abuse reached the point where he began to threaten Plaintiff with physical assault. While remaining outside of the holding cell, Defendant John Doe #4, at the very least intending to further threaten Plaintiff with physical assault, repositioned the holding cell camera to face an alternate direction. Notwithstanding the threats of physical assault from John Doe #4, hostilities continued to be traded between Plaintiff and Defendant John Doe #4, to the point where officer John Doe # 4 entered the holding cell and assaulted Plaintiff, striking him in his face several times. Despite the fact that Detective Doe # 5 and Police Officer Lopez were present in the area during the entire incident, witnessed the incident, and failed to stop Officer Doe # 4 from assaulting Plaintiff, and thereafter even denied Plaintiff medical attention for the injuries imposed upon plaintiff by Does #4, including that undue bleeding and the pain plaintiff experienced from his face and mouth.

4. Plaintiff therefore asserts causes of action against Defendant Officers Does' #1, # 2, and # 3 for his wrongful detention, unreasonable search, and unlawful arrest and confinement; as well as his malicious prosecution based upon false and contrived evidence. Plaintiff also asserts a cause of action against Defendant officer Doe #4, for physically assaulted Plaintiff in violation of his 14th Amendment Rights, as a pretrial detainee, to be free from Defendants' infliction of punishment. Plaintiff also asserts a cause of action against Officer Lopez and Detective Doe #5 for their failure to prevent Officer Doe #5 from physically and verbally assaulting Plaintiff, as well as

their failure to provide Plaintiff with needed medical attention, demonstrating a deliberate indifference to Plaintiff's constitutional rights.

5. Plaintiff, also asserts a cause of action against the City of New York based upon the theory of entity liability (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978), alleging that the City of New York's failure to maintain policies, customs, and practices regarding the hiring, training, supervision, and disciplining of police officers demonstrated a deliberate indifference towards the constitutional rights of Plaintiff, that directly and proximately caused the violation of the Plaintiff's 4th and 14th Amendment rights, as described herein. Plaintiff seeks compensatory damages from Defendant officers Doe #1, 2, 3, 4, 5 and Lopez, and the City of New York, and punitive damages from Defendant officers Doe #1, 2, 3, 4, 5 and Lopez.

## II. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the civil rights claims asserted herein against Defendants John Does 1, 2, 3, 4,5 and Lopez, and the City of New York pursuant to 28 U.S.C. §§1331 and 1343(a)(3). Venue in this district is proper because a substantial part of the events giving rise to the claims described herein occurred in the Southern District of New York.

## III. PARTIES

7. At all times relevant herein, Plaintiff Jean Mondesir was a citizen of the United States and a resident of Washington Heights, residing at 870 St. Nicholas Ave, Apt 1, New York, NY 10032.

8. At all times relevant herein, Defendant officers Doe #1, 2, 3, 4, 5 and Lopez, were NYPD police officers, and assigned to the 30th Precinct.

9. At all times relevant herein, the City of New York was a municipal corporation existing under the laws of the State of New York. As such, it maintains a police department, and has enacted rules, regulations, and policies as well as maintaining customs and practices concerning the hiring, termination, training, discipline, and conduct of the officers it employs.

## IV. STATEMENT OF FACTS

10. At all times relevant herein, Plaintiff Jean Mondesir was a resident of Washington Heights, New York, residing at 870 St. Nicholas Ave., Apt 2, New York, NY 10032.

11. At all times relevant herein, Defendant officers Doe #1, 2, 3, 4, 5 and Lopez, were NYPD officers assigned to the 30th Precinct.

12. On or about November 22nd, 2011, Plaintiff left his home to walk to a store situated just blocks from his apartment in the Washington Heights vicinity of Manhattan.

13. On information and belief, at or around 7:30PM, Defendant Police officers Does # 1, 2 and 3, emerged from an NYPD "unmarked" van and unlawfully detained Plaintiff from continuing on his way on a public sidewalk.

14. On information and belief, after defendant officers Does #1-3, searched Plaintiff's person and found that Plaintiff did not possess illicit drugs, marijuana or other forms of contraband, or a weapon.

15. Nonetheless, Defendant officers Does #1-3 did agree, consent, confederate and conspire with each other and each with the other to arrest Plaintiff on knowingly false charges, Defendants' having "flaked" or "planted" the marijuana on Plaintiff's person or in the general area under Plaintiff's control. Thereafter, Defendant Does #1-3 then handcuffed and transported Plaintiff to the 30th precinct, and once again, while at the 30th precinct, Defendants, Does #1-3,

and each of them, formally attested to the falsified factual allegations that Plaintiff possessed a quantity of marijuana, initiating the formal criminal prosecution against Plaintiff.

16. On information and belief, upon Plaintiff's arrival at the 30th precinct, he was immediately processed for arrest by being fingerprinted, photographed and identified by the New York State Criminal Justice System and then placed into a holding cell.

17. On information and belief, at or around 11:00PM, hours after plaintiffs arrest, and while in the 30th precinct's holding cell, and under the custody and control of Defendants Does #4, 5 and Lopez, Plaintiff was approached by Defendant officer Doe #4; who unprovoked began to verbally abuse and threaten Plaintiff. As time passed, Defendant Doe #4 continued to verbally threatened Plaintiff, and finally at one point threatened to enter the holding cell in which Plaintiff was located and assault him, Thereafter, in keeping with his threat, Defendant Doe #4 then repositioned the holding cell camera to face an alternate direction.

18. On information and belief, soon after repositioning the holding cell camera Defendant Doe #4, unlocked and entered the Plaintiff's holding cell and physically assaulted the Plaintiff, striking him several times about his face and head and causing Plaintiff to sustain undue bleeding and pain to his mouth and the area around his jaw.

19. On information and belief, Defendants Doe #5 and Lopez were the only NYPD officers or detectives in the vicinity of the holding cell where Plaintiff was located, and who witnessed Defendant Doe #4's verbal abuse, threats of violence and Defendant Doe #4's physical assault on Plaintiff, as well as witnessing the injuries received by plaintiff due to Doe #4's assault upon him, and as such, were the only Officers available to assist and protect Plaintiff. Notwithstanding, both refused to take any action to protect Plaintiff from the clear danger of Doe #4's assault on Plaintiff, and thereafter, refused to provide Plaintiff with assistance for the

injuries resulting from Doe #4's assault, nor provided Plaintiff with the medical attention needed to treat his injuries, evidencing Defendants' deliberate indifference to Plaintiff's constitutional rights.

## V. FIRST CAUSE OF ACTION - CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as though fully set forth herein.

21. That as a direct and proximate result of Defendant Does #1, # 2 and # 3 actions taken on or about November 22, 2011, Plaintiff's 4th Amendment rights were violated, and plaintiff was therefore subjected to an unlawful arrest, detention and confinement, they are having been no probable cause to support the Defendants actions, of which Plaintiff was conscious and aware, and even after his arraignment before a Judge of the New York City Criminal Court he continued to endure restrictions upon his liberty by being required to make continued court appearances before the crime for which he had been falsely accused by Defendant Does #1, 2 and 3, until his case was finally terminated in his favor.

22. As a further direct and proximate result of Defendant John Does #1, # 2, # 3, as described herein, Plaintiff was also and further deprived of his 4th Amendment rights, and that the aforementioned Defendants, John Does #1, # 2 and # 3 initiated criminal charges against Plaintiff without probable cause to believe that Plaintiff had committed or was committing the crime of possessing marijuana with the intent to distribute, in fact Defendants Does #1, 2, 3, had falsely accused Plaintiff of those charges, solely to harass, annoy and deprived Plaintiff of his constitutional right to be free from unreasonable search and seizures, and Thereafter, the charges lodged by Defendant Does #1, 2, & 3 were not brought to seek justice. Further, the charges leveled

against Plaintiff by Defendant Does #1, 2, & 3 were wholly and completely dismissed against Plaintiff the charges against Plaintiff resulted in a determination in his favor.

23. On information and belief, reasonable officers in the position of Defendant Does # 1, 2, & 3 would not have believed that Plaintiff's arrest, detention and confinement, as well as the initiation of the prosecution against Plaintiff for possession of marijuana, with the intent to sell, in light of (1) fact that Defendant Does #1, 2, & 3 had falsely accused Plaintiff of the charges lodged against him, and Plaintiff had not possessed marijuana nor at any time did he intend to sell marijuana, and (2) that there was no probable cause to believe that plaintiff had possessed marijuana or was in possession of marijuana with the intent to distribute same, nor reasonable cause to believe that criminal activity was afoot and that plaintiff possessed a weapon. Would

24. That as a result of the actions of Defendant Does #1, #2, & #3, Plaintiff was caused to suffer an unlawful arrest, detention and confinement, as well as having criminal charges initiated against him, all of which occurred without probable cause to believe that Plaintiff had committed the acts of which Defendant Does #1, # 2, & # 3 had accused which caused Plaintiff to suffer a loss of his liberty, sustain damage to his reputation, as well as great emotional distress and mental anguish, and, as well has also been caused expended sums of monies for attorneys' fees. All of which occurred as a result of the aforementioned actions, of Defendant Does #1, #2, & #3,

### AS AND FOR A SECOND CAUSE OF ACTION
### TO VIOLATE PLAINTIFF'S RIGHTS UNDER THE 14TH AMENDMENT

25. That plaintiff repeats and reiterates and realleges each and every allegation made paragraphs 1 through 24 as if each was fully set forth herein.[1]

26. That on information and belief, on or about November 22, 2011, Defendant Doe #4, after verbally abusing, taunting and demeaning Plaintiff, did physically reposition the surveillance

camera positioned to survail the holding cell in which Plaintiff was being held, to an alternate direction; and, thereafter Defendant Doe #4 then entered the Plaintiff's holding cell and physically assaulted Plaintiff, by striking him a number of times in the head and face, and resulting in Plaintiff experiencing pain, swelling, contusions and extensive bleeding of the underside of his lip.

27. On information and belief, Defendant Doe #5 and Defendant Lopez witnessed Defendant Doe #4, rearrange the position of the surveillance camera to an alternate position that would not capture the ensuing assault upon plaintiff, and then further witnessed Defendant Doe #4 strike Plaintiff several times about the face and head, while Plaintiff was a prisoner detained in the holding cell of the 30th precinct, and failed to stop Officer X from assailing the Plaintiff.

28. On information and belief, after witnessing Defendant Doe #4 assault and harm Plaintiff in the 30th precinct holding cell, not only did Defendant Doe #5 and Defendant Lopez fail to intervene to prevent Plaintiff from being harmed by Doe #4, a state actor, neither did Defendant Doe #5 nor Defendant Lopez provide Plaintiff with any medical attention, whatsoever.

29. On information and belief, the Plaintiff did not at any time pose a threat to the safety of the officers or others on the scene, and could not reasonably been seen to pose such a threat based on his actions or based on any crime he was suspected to have committed.

30. In light of the above, Defendant Doe #4's use of force against Plaintiff was not only objectively unreasonable, unnecessary and excessive and a violation of Plaintiff's Fourth Amendment rights, it was a sadistic and unreasonable infliction of harm upon a pretrial detainee within the custody and control of the state, and also in violation of plaintiff's 14th amendment right to be free from pretrial infliction of punishment.

31. On information and belief, the Plaintiff did not at any time pose a threat to the safety of the officers or others on the scene, and could not reasonably have been seen to pose such a threat based on his actions or based on any crime he was suspected to have committed.

32. On information and belief, Defendant John Doe #4 actions of striking, assaulting and causing Plaintiff undue bleeding, pain and swelling in and harming Plaintiff were not motivated by any legitimate penological need or security requirement but rather were motivated, at least a substantial part by Doe #5's deliberate indifference towards Plaintiff's constitutional rights.

33. In light of the above, Defendant Doe #4's used excessive force against Plaintiff in violation Plaintiff's Fourth and Fourteenth Amendment rights, 1. To be free from an unreasonable seizure; and, 2. For a pretrial detainee to be free from punishment.

34. That as a direct and proximate result of Defendant Doe #4's use of excessive force against Plaintiff, Defendant Doe # 5's and Defendant NYPD Officer Lopez's knowing and willful inactions to protect Plaintiff, a pretrial detainee, from Defendant Doe #4's excessive use of force, has resulted in Plaintiff's having suffered from a deprivation of his 14th Amendment right to due process and to be free from pre-trial punishment; and, as well as Plaintiff's 14th Amendment right to the protections necessary to be free from the infliction of physical injury that could or should have been prevented from those injuries created by Defendant Doe #5 and/or other state actors.

35. That as a direct and proximate result of Defendants' deprivation of plaintiff's 14th amendment rights, Plaintiff has suffered injury, pain, undue bleeding, swelling and the permanent loss of function and use of his mouth, jaw and facial areas; and, required medical attention to stop the bleeding that he sustained to his mouth, and thereafter the substantial pain and restricted motion use and function Plaintiff suffered to his jaw and mouth.

## AS AND FOR A THIRD CAUSE OF ACTION
## CONSPIRACY TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

36. That Plaintiff re-alleges, re-asserts and reiterates each and every allegation made in paragraphs numbered 1 through 30, as if fully set forth here,

37. That on information and belief, on or about November 22, 2010, That Defendant Does #1, #2 & #3 did agree, consent, confederate and conspire, with each other and each with the other to unlawfully arrest, confine and initiate a malicious prosecution against Plaintiff for possessing marijuana with the intent to distribute, all without probable cause.

38. That on information and belief, Defendant Does #1, #2 & #3, did commit the following overt acts that on or about November 22, 2009, Defendant Does #1-3, and each of them, did arrest plaintiff, for possessing marijuana with the intent to sell; that Defendant Does #1-3, and each of them did perform an illegal search upon Plaintiff's person, and that Defendant Does #1-3, did plant, "flake" or tamper with evidence i.e. a quantity of marijuana and state that said marijuana was found on or about plaintiff's person, and that Defendant Does #1-3 did handcuff, and initiate charges against Plaintiff for possession of a quantity of marijuana with the intent to sell, all of which was without probable cause. Thereafter the New York County District Attorney's Office based upon the charges lodged against plaintiff, by Defendant Does #1-3 did prosecute Plaintiff for possessing a quantity of marijuana with the intent to sell, and did dismiss those charges against plaintiff, in a determination favorable to plaintiff, and without probable cause.

39. As a result of the actions of Defendant Does #1-3 in consenting, agreement, confederate in conspiring to deprive plaintiff of his 4th Amendment rights, Plaintiff was unlawfully arrested, confined and unlawful charges lodged against him and was maliciously prosecuted, all without

probable cause. That thereafter, the charges lodged against plaintiff were dismissed and terminated in his favor.

40. That as a direct and proximate cause of Defendant Does #1-3 Plaintiff sustained damage to his reputation, was unlawfully confined, and was thereafter required to attend court conferences, further impinging upon his liberty interest, as well as expending sums for attorneys' fees.

## VI. SECOND CAUSE OF ACTION- ENTITY LIABILITY

41. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

42. On information and belief, the failure of responsible officials of the City of New York to maintain customs, policies, and practices regarding the supervision and/or training of NYPD officers led to Defendants' deprivation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

43. Responsible officials of Defendant City of New York knew or should have known that if they failed to supervise or train officers of the NYPD effectively so as to instruct them as to the proper degree of force to use to arrest suspects and to deter them from using excessive force, the obvious consequence would be that some officers would nonetheless use force in excess of what is legally permissible and violate the constitutional rights of individuals, for reasons such as to remove any chance that a suspect will fail to comply with the officer's orders, to induce a suspect into confessing or divulging the name of an associate, or to retaliate against a suspect who the officer believes has disrespected or caused him/her offense.

44. Responsible officials of Defendant City of New York knew that when NYPD officers confront situations in which there were powerful incentives to use excessive force when arresting suspects,

if those officers are properly supervised and disciplined they would almost always be deterred from using excessive force due to the understanding that they would be held liable if they do so, and if those officers were properly trained, they would be fully aware of (A) the proper degree of force that is permitted to be used in a given situation, (B) their responsibilities under the law to not exceed the degree of force that is legally permissible in a given situation, and (C) the consequences they would face for excessive force.

45. Responsible officials of Defendant City of New York knew that the consequences of the use of excessive force by of NYPD officers would be the deprivation of the Fourth Amendment rights of citizens.

46. Responsible officials had a duty to supervise and train officers of the NYPD effectively, and said officials' failure to do so, represents a deliberate indifference to the constitutional rights of the Plaintiff and other individuals who were victims of excessive force during their arrests.

47. The failure of responsible officials of Defendant City of New York to respond in a timely and effective fashion to properly supervise and/or discipline Defendants so as to prevent them from violating the constitutional rights of individuals by using excessive force when arresting those individuals signifies a policy or custom of inaction by those officials, representing a further deliberate indifference to the constitutional rights of the Plaintiff.

48. As a direct and proximate result of the aforementioned acts of responsible officials of Defendant City of New York, the Plaintiff has suffered great personal mental anguish, emotional distress, and public humiliation. In addition, the physical injuries sustained to his right thumb and index finger that resulted from the NYPD officer misconduct prevented him from returning to work. As a direct result, the Plaintiff has lost substantial earnings and has imposing great financial hardship on his family.

49. As a result of the foregoing, the Plaintiff sustained the damages previously described, and seeks compensatory damages from the City of New York.

WHEREFORE the Plaintiff demands judgment against each Defendant John Doe # 1, # 2, #3, #4, #5, (each being an NYPD Detective or Police Officer) and Officer Lopez, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages on the First cause of action, Second cause of action and Third cause of action, respectively, and One Million Dollars ($1,000,000.00) in compensatory damages against the City of New York on the Fourth cause of action, together with attorneys' fees, Interest, costs and those disbursements associated with the bringing of this action.

Dated: New York, New York  
June 15, 2011

Respectfully submitted,  
LEBOW & ASSOCIATES, PLLC  
/s/ James B. LeBow  

James B. LeBow, Esq. (JL4535)  
570 Lexington Avenue, 16th Floor  
New York, New York 10022  
Tel. (212) 868-3311  
Fax (646) 619-4555